**Jerry BELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1958.

J. M. Chrisovergis, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

Jerry Bell appeals from a judgment of conviction of the crime of wilfully and maliciously shooting and wounding Siemon Pulliam with intent to kill him. KRS 435.-170. He was sentenced to serve three years in the penitentiary. The only ground submitted for reversal of the judgment is that the defendant was entitled to an instruction on accidental shooting.

About midnight of February 13, 1957, Jerry and four friends were in a place in Louisville where some of them, at least, were drinking beer. They decided to dance and while doing so Jerry kept on molesting one of the girls. When Siemon remonstrated there was some rough jostling between him and Jerry. Jerry invited Siemon to "go outside and we will finish it up." Siemon accommodated him. It appears these boys were friends and had frequently indulged in rough play. When they got outside, much to Siemon's astonishment and consternation, Jerry ran into the middle of the street and began shooting at him. He suffered three wounds but none of them was serious. He then realized that discretion is the better part of valor, for, said he, "and after six bullets being shot and I wasn't dead, I ran." A police officer testified that Jerry admitted shooting Siemon and stated he had thrown his pistol away.

Jerry's voluble testimony is characteristic and picturesque. It is somewhat muddled and paradoxical and reads as if he was frantically struggling to get out of trouble. He denied having molested the girl. In substance and effect, his testimony is that he was not mad at anybody and had

been only playing. We quote a bit of his colorful evidence. "And I grabbed him by the sweater and he used some kind of onary stuff on me, and he couldn't get a hold like that and he took his elbow and hit me in the mouth and knocked my teeth out and I told him, 'Not so fast.' I said, 'If you want to fight, man, we will go outside and fight. I don't want to fight, or nothin' like that.' So he said, 'It don't make me no difference.' I walks on through the aisle towards the front and when we get to the front there is three steps and he shoved me out of the door and as I goes out of the door he shoves me quite hard, and I falls between two cars that are parked up there, so I gets up in the street and I said, 'Man, what's the matter with you?' And I don't know, he said something, then I grabbed and we started to tussle and I guess we tussled around there for a few minutes and if he got shot he got shot while we were tussling."

Jerry denied he had a pistol and could not account for Siemon having been shot. He ran and "a shot was made but I didn't think too much about it, then I felt something sort of stinging so as I was getting down by center of the block I kicked my leg and I seen some blood running out of my shoes so I felt back there and I pulled my pants up and I seen a little hole back there."

Jerry sadly explained that it "was not my real teeth but my gold teeth" that were knocked out during the preliminary skirmish.

So runs part of the story of the inglorious battle of the boys.

As a technical matter of law, the defendant was not entitled to claim the shooting was accidental, for where two men voluntarily engage in a mutual fight and one is wounded or killed, the other cannot claim it was an accident, because fighting is an unlawful act, malum in se. Roberson, Kentucky Criminal Law, § 27. Under similar circumstances we held that one being tried for homicide could not have

been acquitted on the ground of self-defense. Toler v. Commonwealth, 295 Ky. 105, 173 S.W.2d 822, 823. In this case the defendant admits he had invited the victim to go outside the room and "finish it up."

But regardless of technicalities, the defendant having denied he had a weapon and had fired the pistol, undertaking to have the jury believe Siemon shot himself, he was not entitled to an instruction on accidental shooting. Root v. Commonwealth, 299 Ky. 624, 186 S.W.2d 639. If the jury had believed Jerry did not shoot Siemon, they could well have found him not guilty under the instructions that were given.

The judgment is affirmed.