Kenneth P. DAVIE, Plaintiff In Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13430.

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1966.

Rehearing Denied June 9, 1966.

John D. Harris, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Kenneth P. Davie appeals from a conviction in the district court of Tulsa County, where he was charged by information with knowingly receiving stolen property, after former conviction of a felony. A jury found him guilty, and fixed his punishment at four years in the state penitentiary.

The information was filed on March 1, 1963 and charged that the defendant on February 14, 1963, in Tulsa County, Oklahoma:

"* * * did unlawfully, wilfully, knowingly and feloniously, buy and receive from a party or parties unknown certain personal property of value, to-wit: One Sunbeam hair dryer, one yellow gold ladies Hamilton wrist watch, and one Capital record player, that prior thereto had been stolen from Mr. and Mrs. Jay Tucker, the owners thereof, the said defendant knowing or having reasonable cause to believe the same to have been stolen, did then and there unlawfully receive, conceal and withhold said property from the owner thereof."

On April 14, 1963 defendant filed a motion to quash the information, suppress the evidence and dismiss the cause for the reason that the evidence shown by the transcript of the testimony of witnesses for the State adduced at the preliminary hearing was not sufficient to sustain the charge. The defendant also filed a memorandum brief in support of his contentions. On June 13 the motion to suppress was overruled, and the case passed for jury trial. On the same day the defendant's demurrer was duly filed and was overruled. The case was then tried on the same date.

The facts developed at the trial are hereinafter briefly stated.

Mrs. Jay Tucker, who lives in Tulsa, Oklahoma, left her home for a period of about fifteen minutes on the morning of February 14, 1963. She was driving a pick-up truck; and when she returned home she drove into the driveway, and to the rear of her house. Immediately after driving into her driveway, a small sports car drove into her driveway, sounding its horn. She later described the car as being a small red convertible, with a white or light tan top. When the sports car horn was sounded, a man ran out of the Tucker home, got into the sports car, backed out of the drive-way, and drove off. Mrs. Tucker attempted to follow the car, but her pick-up truck was no match for the smaller automobile. She stopped and telephoned the police, giving them a description of the automobile, and knowledge of the man running from her home.

When Mrs. Tucker reached home the second time, she discovered certain items had been removed from her house. She reported to the police that the lower part of a stereo-phonograph, a Sunbeam hair dryer, a gold Hamilton wrist watch, some stereo records and some men's socks, had been stolen from her home. The items found in defendant's home and listed in the information filed against the defendant herein were identified by Mr. and Mrs. Tucker at the trial as being items stolen from the Tucker home.

Deputy sheriff Bob Randolph testified that he had conducted the investigation, concerning the stolen property. The day following the burglary the police discovered

a red sports car which matched the description given by Mrs. Tucker, in front of the defendant's duplex apartment, at 505 South Harvard, in Tulsa. Deputy Randolph stated that he parked his vehicle some distance from the sports car, in order to maintain it under surveillance. During the time he was watching the car, he saw a man take something out of the car, and carry it into the house. He then returned to the county court house and obtained a search warrant to search the apartment.

Deputy Randolph and three other officers returned to the defendant's home about 2 o'clock in the afternoon of February 15, 1963, to conduct the search for stolen property. They received no response to their knock on the door; and since the door was unlocked they went into the house. The defendant and his wife were in the house. They served the search warrant on the defendant, and proceeded to search the house. The search disclosed the items listed in the information, which were identified by the Tuckers as having been stolen from their home.

Counsel for the defendant informed the jury, in his opening remarks, concerning the former conviction of the defendant in Texas, and the circumstances surrounding the former offense and conviction. Later in the trial, defendant's counsel also stipulated to the fact that the defendant had received the former conviction.

The defendant testified in his own behalf and related to the jury how he had purchased the property from an unknown person, for the sum of $30. His story was corroborated by the testimony of his wife, including the fact that she had given him the $30 in cash, from her own earnings, to pay for the items.

Defendant contended that the unknown person stated that he had purchased the property for $30 at an auction for a friend. The alleged friend had formerly lived in the other half of the duplex apartment.

The jury refused to believe the defendant's story, and found him guilty of the charge of receiving stolen property.

In his motion for new trial, and in his brief, the defendant sets out fourteen specifications of error. He argues all cited errors, but does not cite supporting authority for each of them. The Attorney General treats all fourteen errors under two propositions, in his brief.

Defendant first contends that the court criticized the defense attorney in the presence of the jury, and the defendant was thereby prejudiced by such remarks; and in specification No. 14 he complains of other alleged prejudicial remarks made by the court in the presence of the jury.

■ We have carefully examined this entire record, giving special attention to the remarks complained of by the defense counsel. While there are some remarks and statements which seem unnecessary, and which could have gone unsaid, we do not consider them to be sufficiently prejudicial to justify a reversal of this case.

■■ This court has often held, and we reiterate: that a judge must at all times preside over trials with dignity, maintain decorum in the court room, pass upon questions of law and the admissibility of evidence; and that he should refrain from making any statements which might tend to prejudice a defendant, or from which inference might be drawn against a defendant; that he should rule with impartiality and say as little as possible in the trial of criminal cases; and certainly he should refrain from making disparaging personal remarks concerning attorneys engaged in the trial of cases before him. See: Puckett v. State, Okl.Cr., 363 P.2d 953; Pierce v. State, Okl.Cr., 383 P.2d 699.

Defendant's second proposition is: "Misconduct of the assistant county attorney wherein he made prejudicial remarks with reference to the 'victim' thereby preventing defendant from having a fair trial."

This objection is based upon a question put to the chief criminal deputy of the Tulsa county sheriff's office, Mr. Frank Thurman, when the assistant county attorney was examining him. The deputy sher-

iff was asked if he had previously gotten a description of "certain merchandise". The answer was in the affirmative. The assistant county attorney then asked, "and from whom was the description obtained?" The deputy answered, "From Jay Tucker, the victim of a burglary". The defense counsel immediately objected to this as being highly prejudicial. His objection was sustained, and the jury was admonished not to consider it. The witness was then warned to be more careful in his future replies to questions.

We are of the opinion that under the circumstances involved in this case that the alleged error, if error, was cured when the jury was admonished to disregard it.

Defendant's third proposition is that the verdict of the jury is not sustained by the evidence, and is contrary to law. Defendant bases his argument on the premises that the State failed to prove guilty knowledge.

In Goodwin v. State, 68 Okl.Cr. 381, 389, 99 P.2d 181, 184, this Court said:

"Whether an explanation respecting possession of property recently stolen is reasonable or not, is ordinarily a question for the jury, the same as any other question of fact, and a reasonable explanation will not necessarily lead to an acquittal, and a verdict sustained by substantial evidence will not be disturbed by this court, unless it appears that the same was given under the influence of passion or prejudice."

Title 21 O.S.A. § 1713, with reference to receiving stolen property, was amended in 1961, and now provides, in part:

"(2) Every person who, without making reasonable inquiry, buys, receives, conceals, withholds, or aids in concealing or withholding any property which has been stolen, embezzled, obtained by false pretense or robbery, or otherwise feloniously obtained, under such circumstances as should cause such person to make reasonable inquiry to ascertain that the person from whom such property was bought or received had the legal right to sell or deliver it shall be presumed to have bought or received such property knowing it to have been so stolen, or wrongfully obtained. This presumption may, however, be rebutted by proof."

Defendant cites Hair v. State, Okl. Cr., 294 P.2d 846 (1956), which holds that in a charge of receiving stolen property, guilty knowledge that the property has been stolen is an essential element of the offense. We point out, however, that the Hair case was decided prior to the 1961 amendment to the state statutes, and prior to the addition of the paragraph (2) hereinbefore quoted.

Defendant's fourth proposition is that the verdict is contrary to and in disregard of the court's instructions. We cannot agree with this contention. The court properly instructed the jury, that if they held any reasonable doubt, as to whether the defendant received the property without any guilty knowledge, then they should resolve that doubt in favor of the defendant. This was a question for the jury, and they resolved the same against the defendant.

Defendant's fifth error cited is: "Error of law occuring at the trial and excepted to by the defendant."

In this the defendant contends that it was error for the trial judge to permit the deputy sheriff to testify on redirect examination that the Tucker home is situated in Tulsa County.

We cannot agree with this position. In an early case, Tingley v. State, 16 Okl.Cr. 639, 184 P. 599 (as well as Quinn v. State, 55 Okl.Cr. 116, 25 P.2d 711), this question was settled. In Edwards v. State, 87 Okl.Cr. 399, 198 P.2d 656, this Court said:

"Either party is entitled to introduce evidence to rebut that of the other, and where the state offers relevant testimony in rebuttal, the fact that such evidence might have been introduced in chief does not necessarily prevent its intro-

duction as evidence in rebuttal. The introduction of such evidence is a matter of discretion of the trial court, and will not be ground for reversal unless an abuse of this discretion is shown."

■ However, in reviewing the record, we find that sufficient testimony was introduced in the State's evidence in chief to place the venue of the crime in Tulsa, Oklahoma. The Court can take judicial notice of the fact that the city of Tulsa, Oklahoma is situated in Tulsa County.

The sixth cited error contends that the trial court erred in overruling defendant's motion to quash, motion to suppress, and demurrer to the information and evidence. We have reviewed the defendant's brief, as well as the brief submitted to the trial court when the motion to suppress was offered. We are unable to support the defendant's contention that the search warrant was invalid.

■ This record contains what appears to be a copy of the search warrant served upon the defendant. There is no question but that the search warrant, shown in this record, is stated in positive terms, and that it meets the requirements which provide that the search warrant must particularly set forth the place to be searched, and the things to be seized. As contended by the defendant, it is true that two items listed on the search warrant were not found at the defendant's residence. On the record before us, we must assume that the items listed on the search warrant were items of stolen property. The mere fact that the "listed items" were not found in the search of the defendant's residence, is not sufficient to declare the search warrant invalid.

■ In the absence of the affidavit, filed for the purpose of obtaining issuance of the search warrant, we cannot know why the deputy sheriff listed the two items, except that they were items of stolen property. The burden of proving the invalidity of a search warrant is upon the one contesting its validity. In this case the validity of the search warrant has not been proven.

Defendant cites Skelton v. State, 67 Okl.Cr. 215, 93 P.2d 543 for one of his authorities that an affidavit for search warrant made upon information and belief is insufficient. We agree with the rule stated in that case, but this record does not include the affidavit, nor sufficient reference to it, to make any such finding. In the Skelton case the affidavit was clearly insufficient, and it was clearly shown that the search warrant was issued on the basis of information and belief only.

By the same token, in Powell v. State, 65 Okl.Cr. 221, 84 P.2d 442, and Lucas v. State, 56 Okl.Cr. 413, 41 P.2d 131, the search warrant did not properly describe the location of the place to be searched. In this case, however, the defendant's residence was properly identified in the search warrant.

In Murphy v. State, 95 Okl.Cr. 333, 245 P.2d 741, cited by the defendant, the search warrant was served upon the defendant by an unauthorized person, and hence was invalid. Such was not true in this case.

Defendant cites other errors, in which he contends the instructions given by the trial court were not proper, and that it was error when the court failed to give defendant's requested instruction No. 1.

■ In his requested instruction, defendant placed emphasis on the fact that defendant's wife provided the cash to pay for the property. We are of the opinion that the requested instruction placed an excessive emphasis on that fact, and therefore it was proper for the court to refuse the requested instruction. As this Court said in Wingfield v. State, 89 Okl.Cr. 45, 205 P.2d 320:

"It is not error for the trial court to refuse a requested instruction of the defendant which emphasizes certain evidence of the defendant so as to constitute comment upon the weight of the evidence."

■ We are also of the opinion that defendant's complaint about the court's instruction No. 5 is without merit. The instruction sufficiently quotes the statute defining the crime of receiving stolen property. The court merely omitted those words which did not pertain to these facts and circumstances, but referred to other means by which property might be otherwise illegally obtained prior to being sold to someone else. As this Court stated in Sharp v. State, Okl.Cr., 407 P.2d 593:

"Instruction setting out statute on which prosecution was based practically in language of statute is not erroneous."

■ Instruction No. 10 clearly states the matter of former conviction as it may effect the weight and credit the jury might give to defendant's testimony. This was a fact which the defendant himself made known early in the trial of the case. The effect of this instruction was to advise the jury that the fact that defendant admitted his record of former conviction, such conviction did not impeach or disqualify his testimony. However, the court pointed out further that his former conviction might be considered, subject to the discretion of each respective juror as to how much weight and credit each might choose to give to his testimony. This was a proper instruction. See Farley v. State, 93 Okl.Cr. 192, 226 P.2d 1002.

■ And defendant complains of instruction No. 11, but the record reveals that the defendant did not object to this instruction. The instruction shows that the Judge did mark out the words "from the thieves". Defendant states in his brief that the instruction was first read with that wording included, and when he objected the court again read the instruction, omitting the words. We observe that the phrase complained of read, originally, "* * * that the property was stolen and that it was received (from the thieves)

by this defendant * * *". We can hardly see how the defendant was prejudiced by this reading. In fact, had the instruction been recited as it was originally written, it would have worked in favor of the defendant. In any event, we are of the opinion that the defendant was not prejudiced by this instruction.

■ Considering defendant's propositions numbers eleven and twelve, he fails to offer any authorities to support his arguments. This Court has held many times that where counsel does not offer citation of authorities to support his arguments, the Court will not search the books for authorities to support the mere assertion that the trial court has erred. See Berry v. State, Okl.Cr., 326 P.2d 828, and numerous other decisions.

■ And finally, defendant contends that the punishment for the crime of receiving stolen property is improperly stated by the court. He contends that the punishment in this case should be that for a misdemeanor, and not a felony. The Attorney General cites Braly v. Wingard, Okl., 326 P.2d 775 in support of his position that the offense defined in 21 O.S.A. § 1713 is a felony. We agree with the position stated. In that case the Oklahoma Supreme Court said, at page 776 of the reporter:

"Our statute, 21 O.S.1951, § 5, includes in the definition of a felony, any crime which is, or may be, punishable by imprisonment in the state prison. It is not the actual punishment imposed but the extent to which punishment may be imposed which controls the point whether the crime is a felony * * *."

Therefore, for the reasons stated herein, we are of the opinion that the judgment and sentence appealed from should be, and the same is, affirmed.

BUSSEY, P. J., and NIX, J., concur.