Patrick Henry EARLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15353.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Archibald B. Hill, Jr., Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Robert D. Nelon, Legal Intern, for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Patrick Henry Earley, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Illegal Possession of Narcotic Drugs; his punishment was set at five years imprisonment and a fine of $500.00, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on July 16, 1968, Officer Burns and other officers, by authority of a search warrant, made a search of the defendant's residence in Oklahoma City. He testified that he discovered various and sundry pills in a man's jewelry box in one of the bedrooms. Among those pills, he found yellow ENDO brand tablet, which was introduced in evidence, as State's Exhibit No. 1.

Bryan Tipton, the chief chemist for the Oklahoma Bureau of Investigation, testified he received State's Exhibit No. 1 from Officer Burns. He conducted a chemical examination of the exhibit and found it to be a narcotic drug. There was no testimony as to any examination of any other tablets.

Pamela Sue Ash testified that after being hospitalized for treatment of an injury, she lived with the defendant for several months prior to his arrest. She testified that the pills discovered by the officers, including State's Exhibit No. 1, belonged to her, and had been prescribed by her doctor.

Doctor Woodward testified he treated Mrs. Ash and had given her at least three different prescriptions. He identified State's Exhibit No. 1 as a type of drug commonly prescribed for relief of pain, but had no independent recollection whether he had, in fact, prescribed the same for Mrs. Ash. He testified on cross-examination that he remembered prescribing demerol for Mrs. Ash and that it would be highly unusual to prescribe

demerol and State's Exhibit No. 1 for the same patient at the same time (CM 84).

The defendant's first proposition of error contends that "there was a fatal variance between the allegations set out in the Information and the State's proof at trial, which variance prejudiced the defendant in the eyes of the jury." The Information charged the crime of Illegal Possession of Narcotic Drugs in that he did, "wilfully, unlawfully and feloniously have in his possession and under his control three (3) white tablets, single score, and one (1) yellow tablet, ENDO brand, which contain narcotics."

There was testimony by Officer Burns that he found three white single score tablets at the defendant's residence, but they were not introduced in evidence. The trial court instructed the jury as follows:

"That is to say, the said Defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there willfully, unlawfully and feloniously have in his possession and under his control one (1) yellow tablet, ENDO brand, which contains narcotics; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

This Court has previously ruled that the test of fatal variance is whether the defendant was misled by the information and whether conviction under the Information exposed him to the possibility of being put in jeopardy for the same offense. Austin v. State, Okl.Cr., 419 P.2d 569.

■ We are of the opinion that neither element of fatal variance is present in the instant case. The defendant was charged under the provisions of 63 O.S.1961, § 402, which makes the possession of any narcotic, not subject to an exception by statute, illegal. The lack of offer of any proof of the nature of the three white tablets does not lessen the degree of the offense or otherwise alter the proof of the commission of the offense. Although not fatally defective requiring reversal, this Court does not condone the practice of alleging the possession of the three white tablets in the Information if the State had prior knowledge that they could not meet the burden of proof.

■ The defendant's next proposition alleges "that the prosecution elicited from its witness proof of other separate and distinct crimes than that for which the defendant was on trial, thereby committing reversible error." Officer Burns testified, over the objection of the defendant, that he found other pills and tablets during the course of the search. There was no offer of proof as to the chemical content of the pills other than yellow ENDO tablet. Officer Burns also testified that he found some police receivers. The trial court promptly instructed the jury that it was to disregard the testimony as to police receivers in response to an objection by the defendant.

In Young v. State, Okl.Cr., 446 P.2d 79, we stated in the first and second paragraphs of the Syllabus:

"The general rule is that when a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial, is inadmissible.

Evidence of other crimes in order to be admissible must come within one of the well-recognized exceptions to the rule. That it tends to establish (1) Motive, (2) Intent, (3) The absence of mistake or accident, (4) A common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) The identity of a person charged with the commission of the crime on trial."

We can arrive at no other conclusion than that the admission of the testimony as to the other pills and tablets, without identification as to their chemical content,

could have no effect except to prejudice the jury.

The defendant's final proposition contends that the trial court indicated to the jury his opinion of the merits· of the case and thereby committed reversible error. The witness, Mrs. Ash, testified that the tablets found in the defendant's residence were prescribed for her. She stated she had the prescriptions at home, wherein the following testimony was elicited: (CM 43-44)

"Q. Would you mind going home and getting those and coming back and bringing those to Court for us?

A. Right at this moment?

BY MR. HILL: Your Honor, we object to that—

BY THE COURT: In view of the fact that she says she has the prescriptions at home, I think this is a completely legitimate question and certainly relevant to the issues this jury is called upon to decide in this case. The objection is overruled.

Q. Would you mind going home and getting that prescription and the bottle of this narcotic drug came in and bringing it back to court at this time?

A. Right now.

BY MR. HILL: Please the Court, I don't think the witness understands his meaning, prescriptions.

BY THE COURT: The objection is overruled. She hasn't indicated any lack of understanding. Proceed.

A. (Con't) You want me to bring them all up here?

Q. I want you to bring the one in which this ENDO came in.

A. Would you like me to leave right now?

Q. Yes, if the Court please, I would like to.

BY THE COURT: Could you do that, Ma'am?

BY THE WITESS: Yes, sir.

BY THE COURT: Alright, we will take a recess. How much time will it take you?"

 The defendant contends this action of the court indicated to the jury his feelings that the weight to be given Mrs. Ash's testimony should be governed by whether she could, or could not, bring the prescriptions into court. This Court has consistently held that a trial court should refrain from making any statements which might tend to prejudice the defendant or from which an inference might be drawn against the defendant. Davie v. State, Okl.Cr., 414 P.2d 1000.

We are of the opinion that the errors hereinbefore discussed had the cumulative effect of prejudicing the defendant, thus entitling him to a new trial. The judgment and sentence is accordingly reversed and remanded for a new trial, consistent with this opinion.

BRETT, P. J., and NIX, J., concur.