## Root v. Commonwealth.

March 23, 1945.

A. T. W. Manning for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Clarence Root, 20 years of age, was convicted of the offence of maliciously shooting and wounding Lydia Walker, a 16 year old negro girl, with intent to kill her, and his punishment was fixed at confinement in the penitentiary for five years. The motion and grounds for a new trial assigned four errors, but only one is relied on in brief—that the court erred in failing to instruct on accidental shooting—consequently, the other three are considered waived and need not be mentioned. Helton v. Com., 245 Ky. 7, 53 S. W. 2d 189; Crutcher Laboratory v. Crutcher, 288 Ky. 709, 719, 157 S. W. 2d 314, 318.

In the late afternoon of Aug. 10, 1943, appellant, Clarence Root, and his cousin, Marshall Root, while in a drunken condition, met by chance Lydia, her 10 year old brother, Richard, Ellen White and the latter's 12 year old daughter, Callie, on the railroad tracks near Rodonnel in Clay County. The proof shows Clarence was not acquainted with these negroes but he fired a shot from his pistol in front of Lydia and then fired a second shot behind her which struck near her feet. While the record does not show just how many feet Clarence and his cousin were from Lydia, it indicates they were quite near her. Lydia testified that after the second shot was fired she looked around and Clarence "had the pistol throwed in my face and Marshall knocked it down and when he knocked it down he (Clarence) shot me in the leg." Her leg was broken and it was several months before she could walk.

Ellen White did not know which of the men fired the shot which wounded Lydia and testified they both had hold of the pistol. Sarah Smith testified that about one hour after the shooting Clarence said to her, "If she (Lydia) was shot, I shot her." Clarence denied making such statement to Sarah.

Clarence testified that he did not fire the shot which wounded Lydia. His version of the affair is that he shot twice in the ground and then Marshall grabbed the pistol, wrung it from his hand, told the girl to run and when she refused Marshall shot her. Marshall denied taking the pistol from Clarence and denied shooting Lydia.

We have written that the necessity for giving an instruction largely depends upon the facts in each case. Cook v. Com., 262 Ky. 718, 91 S. W. 2d 25. In Bush v. Com., 240 Ky. 195, 41 S. W. 2d 1091, and in Glenday v. Com., 255 Ky. 313, 74 S. W. 2d 332, it was said that where there is no evidence that the shooting was accidental, except the bare statement of the accused, then no instruction on accidental shooting should be given. Here, defendant denied firing the shot which wounded the girl and testified that it was fired by his companion. Certainly, in the circumstances he was not entitled to an instruction on accidental shooting.

The judgment is affirmed.