Jerry Max **LESTER** and Carman Edward Evans, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13746.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1965.

As Corrected on Denial of Rehearing Dec. 22, 1965.

Bassmann, Gordon, Mayberry & Lavender, Claremore, for plaintiffs in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

On March 2, 1965 the plaintiffs in error, hereinafter referred to as defendants, who were employees of the Associates Investment & Loan Corporation of Tulsa, about midnight went to the home of Mrs. Pat Eagleton, who was living with her father just south of the city of Claremore, in Rogers County, pushed a certain 1960 Chevrolet, tag No. RS–5560 into the street, used their car to push it on down to the street light, where they hooked a tow bar to the car, and took it in to the company in Tulsa.

The defendants were charged the next day by information filed in the county court of Rogers County with the offense of tampering with a vehicle, charging that said defendants:

"* * * [D]id then and there while acting conjointly and together, unlawfully, wilfully, wrongfully and intentionally tamper with a certain motor vehicle, to-wit: A 1960 Chevrolet Tag Numbers—1964 RG 5449—1965 RG 5560, by climbing into said vehicle without a right to do so, and without the consent of Patsy Eagleton, the owner thereof, and at tempting to manipulate the levers, starting mechanism, brakes and other mechanism, while said vehicle was at rest and unattended, with the unlawful intent then and there on the part of said defendants to commit the crime of unauthorized use of said vehicle, * * *."

Defendants were tried by a jury, found guilty and their punishment left to the court, who, on June 1, 1965 sentenced each of them to pay a fine of $50, and the two of them to pay the costs of the prosecution.

Motion for new trial was duly filed and overruled, and appeal has been perfected to this Court.

Both of the defendants testified in their own defense, and did not deny taking the automobile.

Carman Edward Evans testified that he was employed by the Associates Investment & Loan Corporation of Tulsa as an adjuster. That the Eagletons were three months in arrears ($380) in the payments on their loan secured by the car described in the information. That he was sent by his supervisor to call on Mrs. Eagleton, who had possession of the car, in an effort to get the account straightened out, about a week before the car was repossessed. That when she did not pay up the arrears, or make arrangements to do so, he asked her for the keys to the car, and she refused to give them to him. A copy of the "security agreement" signed by Don E. Eagleton and Pat Eagleton, was introduced in evidence.

This defendant testified that on March 2, 1965 he returned to the place where the automobile was located, found it in the drive-way and removed it, as above stated.

Jerry Max Lester, the other defendant, accompanied him and helped in recovering the automobile.

Jerry Max Lester testified that he worked for the Associates Discount Corporation, a subsidiary of the Associates Investment & Loan Corporation, and was an adjuster for the discount corporation.

The defendants were prosecuted under Title 47 O.S.A. § 4-104(b), which provides:

"(b) A person, who, without right to do so and with intent to commit a crime, climbs into or upon a vehicle whether it is in motion or at rest, attempts to manipulate any of the levers, starting mechanism, brakes or other device of the vehicle while the same is at rest and unattended, * * * is guilty of a misdemeanor."

It will be observed that the charging part of the information is practically in the words of this section of the statute.

The defendants admit taking the automobile and their contention is that under the provisions of the security agreement entered into between the Eagletons, the said Don E. and Pat Eagleton, being three months in arrears on their payments, defendants had a right to take possession of said automobile on behalf of the Associates Investment & Loan Corporation.

In his brief counsel for the defendants sets forth and argues four assignments of error, the fourth being:

"The trial court erred in refusing to give the defendants' requested instruction and in failing to give to the jury instructions necessary for their information in returning a verdict under the facts brought out by the evidence."

■■■■ We have carefully examined the court's instructions covering the case, and are of the opinion that this contention is meritorious. Under the many holdings of this Court the defendants were entitled as a matter of law to have their theory of defense clearly set forth in an instruction. See Fleming v. State, Okl.Cr., 401 P.2d 997; Holt v. State, Okl.Cr., 278 P.2d 855; Nelson v. State, Okl.Cr., 288 P.2d 429; Johnson v. State, 84 Okl.Cr. 368, 182 P.2d 777.

■■■■ We think that where the sole defense is that the accused took the automobile under the provisions of the agreement entered into between the Eagletons and the employers of these defendants, with no intent to commit a crime, such issue should have been submitted to the jury by proper instruction.

The defendants offered an instruction on this point, which was refused. The State evidently recognized the necessity of an instruction covering the right of defendants to take possession of the automobile under the terms of the agreement, since the county attorney also submitted an instruction dealing with this issue, which was also refused.

The only instruction given by the court concerning the issue of the right of the defendants to take the automobile was a mere recitation of Title 47, O.S.A. § 4-104(b)

with no assistance being given to the jury as to the law with relation to the issue raised by the evidence presented at the trial as to defendants' right to repossess the automobile, or lack of such right, and thereby deprived the defendants of a fair trial.

 The court erred in refusing to give defendants' requested instruction, or to give some instruction substantially in the language of the requested instruction, which would have submitted to the jury the theory of the defense.

The defendants make other assignments of error of some merit, but which are not necessary for us to consider, in the light of what we have already said.

The Attorney General, when the case was submitted, indicated that he could not defend the record, in view of defendants' fourth proposition of error, and has not filed a brief. This is tantamount to a confession of error.

By reason of the error cited, and for the failure of the State to prove the element of intent to commit a crime, the case is reversed, with direction to discharge the defendants.