Bay, Hamilton, Renegar & Lees, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

## OPINION

SIMMS, Judge:

Plaintiff in error, hereinafter referred to as defendant, was convicted by a jury in the District Court of Oklahoma County, Case No. CRF–70–922, for the offense of Receiving Stolen Property, After Former Conviction of a Felony, in a two-stage proceeding and was sentenced to a term of six years imprisonment in accordance with the jury verdict. From the judgment and sentence, defendant has perfected a timely appeal to this Court.

**Alexander N. HUTTON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16228.**

Court of Criminal Appeals of Oklahoma.

March 1, 1972.

Defendant, in his brief, asserts five propositions of error, however, it will be necessary to discuss only his fifth proposition to properly decide this appeal. This specification of error is the trial court's failure to give defendant's requested instruction containing defendant's theory of defense.

In substance, the evidence of the state clearly established the theft of a television set from an Oklahoma City motel, the sale of the stolen color set by the thief to the defendant cab driver under obviously peculiar circumstances, the possession of the stolen color set by the defendant, and conflicting statements made by defendant to police. The prosecution clearly established a case for the consideration of the jury.

Defendant, however, testifying in his own defense, related he made inquiry of the thief as to whether or not the set had been stolen and received a negative response. Defendant also testified that he did not know nor did he have reason to believe the same was stolen until after he learned by radio message from his cab dispatcher that the set had been stolen and he immediately tried to make the thief take the property back, which the thief refused to do. Defendant then notified his dispatcher to contact the police and thereafter, defendant awaited the arrival of the police and showed them the stolen set in the trunk of his cab.

In short, it was the theory of the defense that he neither knew nor had reason to believe the set was stolen at the time he purchased same, and upon being made aware of the fact the set had been stolen, he immediately contacted the police and was without criminal intent.

At the close of all the evidence, and before the instructions were read to the jury, defense counsel submitted to the trial court three written requested instructions, the first relating to the defense of lack of criminal intent, the second relating to presumption of innocence and proof beyond a reasonable doubt, and the third setting forth the elements of the charge of receiving stolen property and the effect of the failure of the state to prove any one of the elements to the jury beyond a reasonable doubt. The trial court rejected defendant's first requested instruction and noted defendant's second and third as "given in substance".

The requested instructions of defendant, even though they may have been subject to better draftsmanship, were sufficient to call to the trial court's attention the desire of defendant to have an instruction presented to the jury setting out his theory of defense.

A careful and thorough examination of the actual instructions given by the trial court shows these instructions included, aside from the ordinary "stock" instructions relating to burden of proof, presumption of innocence, and the usual instruction relating to the filing of the information, only the statutory definition of the crime with which defendant was charged. None of the instructions given, in any manner, alluded to defendant's theory of defense, nor did they define the elements of the offense.

This Court stated in Davie v. State, Okl.Cr., 414 P.2d 1000 (1966):

"The court properly instructed the jury, that if they held any reasonable doubt, as to whether the defendant received the property without any guilty knowledge, then they should resolve that doubt in favor of the defendant."

It should be noted that under the present statute and following cases the instruction should read, in part: "either knew or had reasonable cause to believe the same to have been stolen, etc." Knowing or having reasonable cause to believe the property received had been stolen, embezzled, or obtained by false pretenses is an essential element of the offense of Receiving Stolen Property. 21 O.S.1971, § 1713(1). Also,

Samples v. State, Okl.Cr., 337 P.2d 756 (1959). See, also, McGee v. State, Okl. Cr., 65 P.2d 207 (1937).

Lester v. State, Okl.Cr., 408 P.2d 563 (1965), clearly held:

"1. Trial court has duty of instructing jury upon issues presented by the evidence.

2. The defendant as a matter of law is entitled to an instruction clearly setting forth his theory of defense.

3. Court has duty to instruct jury from both standpoint of State and defendant.

4. A defendant is entitled to have the jury instructed on the law governing the issues according to his theory, providing such theory is tenable as a matter of law, or finds possible support in the evidence.

5. Trial court having failed to give an instruction on defendant's theory of defense constituted error, requiring a reversal of the case."

▮ There is nothing either new or novel about the law as set out in *Lester,* supra. In Thomas v. State, 68 Okl.Cr., 63 95 P.2d 651 (1939), Judge Barefoot wrote:

"We have carefully examined the instructions given by the court and find that they nowhere presented to the jury the theory of defense. * * * This court has universally held that it was the duty of the court to present to the jury instructions in plain and concise language, giving not only the contention of the state, but that of the defense, and it has always been held as reversible error for the court to fail to give an instruction covering the defendant's theory or defense where the issue is material."

By reason of the foregoing, this case must be reversed and remanded for a new trial.

BUSSEY, P. J., and BRETT, J., concur.