**Norman Lee HICKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–252.**

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1975.

Richard A. Hoffman, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn D. Rohrer, Legal Intern, for appellee.

OPINION

BRETT, Presiding Judge:

Appellant, Norman Lee Hicks, hereinafter referred to as defendant, was charged, tried before a jury and convicted in Case No. CRF–75–862 in the District Court of Tulsa County on a charge of Unlawful Delivery of a Controlled Drug, in violation of 63 O.S. 2–401(B)(2). He was sentenced to fifteen years in the State Penitentiary and fined $1,000.00. From that conviction and sentence an appeal has been perfected to this Court.

The testimony and evidence at trial tended to show the following facts. On April 4, 1973, a federal narcotics agent, Toy Washington, went to Tulsa to the home of Rosie Lee Green, an informant. (Ms. Green denied on the stand that she was an informant.) He told her he wanted to buy some drugs and she called Morris Starks. Starks told the pair he had no drugs, but thought he knew someone who could help them. The three individuals then went to the Big Ten Recreation Parlor (a pool hall) where Starks went inside and located

the defendant. The defendant initially rejected Starks' request, but a few minutes later, after another conversation, agreed to take the three to a source of drugs. Defendant, Starks, and Ms. Green testified that from the Big Ten the group went to the Boston Beer Gardens where defendant attempted to locate his source, and when the source was not there, they went on to an apartment at 132 East Newton. It was the testimony of Agent Washington that they went directly to the apartment on East Newton. Defendant went inside the apartment and returned with four foil packets which he gave to Agent Washington. (Defendant testified the packets were given to Ms. Green.) The money used to purchase the packets was given defendant by Washington. Defendant and Ms. Green testified that he also purchased a balloon for her with money given him by her. Defendant testified that the source told him the packets and balloon contained not heroin, but a combination of coffee, aspirin and lactose.

The State called a chemist who testified that three of the packets contained heroin and the fourth did not. The State presented no testimony regarding the balloon testified to by Ms. Green and the defendant. The State also had a witness to establish the chain of custody of the evidence.

Defendant testified that Ms. Green was the mother of a friend of his, and that both Ms. Green and Starks told him that she was "sick" and needed his help to find the drugs. There was no testimony that defendant had a reputation as or was known to be a drug dealer or user, although Agent Washington speculated he was a dealer, based on his conversation with defendant that evening. Starks and Ms. Green testified that defendant was not known to them to be a dealer or user. Defendant testified that he knew the source of the drugs only from "street knowledge", that he was neither a dealer in nor a user of drugs and that his motive in obtaining the drugs was to help his friend, Ms. Green.

The defendant has brought three assignments of error, only one of which will be considered.

At the close of all the evidence, defendant submitted three written instructions on his defense of entrapment to the trial court. The trial court refused to give these or any other entrapment instructions to the jury, and defendant alleges that such refusal was error. We agree.

While this case lacks the necessary undisputed evidence to show entrapment as a matter of law, there is sufficient testimony by the defendant and his witnesses to submit such a defense to the jury. Once this defense was raised by the defendant and any evidence existed to support it, it was the duty of the trial court to instruct the jury. We have long held that the defendant is entitled, as a matter of law, to have the jury instructed on the law governing his theory of the case if it finds possible support in the evidence. *Lester v. State,* Okl.Cr., 408 P.2d 563 (1965); *Gann v. State,* Okl.Cr., 397 P.2d 686 (1964); *Lac Coarce v. State,* Okl.Cr., 309 P.2d 1113 (1957).

Accordingly, this case is reversed and remanded for new trial in accordance with this opinion.

BUSSEY and BLISS, JJ., concur.