Jack GENTRY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-76-287.

Court of Criminal Appeals of Oklahoma.

April 13, 1977.

Douglas W. Sanders, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Jack Gentry, hereinafter referred to as defendant, was charged, tried and convicted on three counts of Receiving Stolen Property, in violation of 21 O.S.1971, § 1713, in Case No. CRF–75–57, in the District Court, LeFlore County. The jury found the defendant guilty on all three counts, and assessed punishment at six (6) months' confinement in the County Jail on each count, and payment of a Two Hundred Fifty ($250.00) Dollar fine on each count and Forty ($40.00) Dollars court costs. The trial court imposed the punishment as assessed by the jury, but provided that the jail sentence imposed in count three was to run concurrently with the jail sentence imposed in count two. From these judgments and sentences, this appeal has been lodged.

At trial Donnie McGuire, who testified that he previously had been convicted of burglary and grand larceny, stated that in the six or seven months he had known the defendant prior to his arrest, he had sold the defendant approximately 100 guns, which he had stolen from houses in Cherokee County. In describing those sales prior to November 10 or 11, 1974, the witness declared that he and the defendant had been the only persons present, that he had never informed the defendant that the guns were stolen, and that the defendant had paid him in cash for the shotguns and rifles after taking possession of them. He testified that on the 10th or 11th of November, 1974, he, Mike Cox, and Terry Johnson had sold the defendant approximately ten stolen guns. When McGuire was arrested for burglary he volunteered to show the District Attorney's Office where he had sold the stolen guns.

Rudy Briggs, an investigator in the District Attorney's Office, testified that on November 14, 1974, he and McGuire traveled to Blank's Barbecue, defendant's place of business, in order to verify McGuire's statement that defendant was in the business of buying stolen guns. At Blank's Barbecue, McGuire informed the defendant that he and Briggs had several guns for sale. After examining the weapons the defendant paid the two men $125.00 in exchange for the guns. Briggs testified that at several times during the transaction he and McGuire told the defendant the guns had been stolen in Missouri. The guns in fact belonged to Crime Bureau Agent Jack Lay and District Attorney Investigator Robert Been. Briggs further stated that the guns which they sold to the defendant were worth approximately $600.00 to $700.00.

Briggs testified that shortly after the sale was completed several law enforcement officers served a search warrant on the defendant and searched his house trailer, confiscating 32 weapons, which included handguns, rifles and shotguns. Several television sets, tape players, sewing machines and other items were also seized. Witnesses identified the confiscated guns set out in

the information as guns which had been stolen from them recently, and an Oklahoma State Bureau of Investigation agent identified the guns in question as ones which he had marked when he and other officers had confiscated them from defendant's trailer on November 14, 1974.

The defendant testified in his own behalf that he frequently bought watches, rings, jewelry, guns, television sets, and other personal property from people wanting to sell such property, or wanting to use such property as security for a loan. He said that he had no need for the guns, but that he had intended to display them in a rack in his place of business. The defendant further testified that he had purchased guns from McGuire previously, not knowing he was purchasing stolen property and that he had purchased four guns from McGuire and Briggs on November 14, 1974. He denied that they had told him the guns which he purchased were stolen.

▪ In his first assignment of error, the defendant argues that his motion to suppress evidence and controvert search warrant should have been sustained for the reason that the affidavit upon which both the search and recovery of evidence were founded was constitutionally defective. He alleges that the affidavit failed to set forth why the informant used in this case was considered reliable, citing as authority *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), wherein the United States Supreme Court enumerated the necessary elements of an affidavit for a search warrant, and *Leonard v. State*, Okl. Cr., 453 P.2d 257 (1969), which adopted those standards in Oklahoma.

*Spinelli v. United States*, supra, delineated how to apply the standards to a specific set of facts for an affidavit as established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), wherein the United States Supreme Court held that the affidavits must reveal underlying circumstances showing reason to believe that the informant is a credible person and underlying circumstances showing the bases of the conclusions reached by the informant.

We have examined the affidavit in question and find that it contains information to the effect that affiant had probable cause, based on a tip from an identified informant, Donnie McGuire, to believe that the defendant had committed the crime of receiving stolen property and that the stolen property could be found at defendant's residence. McGuire had been arrested for the crime of burglary in the second degree, and the affidavit stated that on November 11, 1974, McGuire had sold ten guns to the defendant, and had advised the defendant that the guns were stolen.

▪ The cases upon which the defendant relies involve situations in which a search warrant is sought pursuant to an undisclosed informant's tip. However, in the instant case the affidavit specifically named the informant, Donnie McGuire, and stated his connection with the defendant. In *Luker v. State*, Okl.Cr., 504 P.2d 1238 (1972), this Court held that where the affidavit for search warrant is based on specified factual information given by a named and known informant, it is not necessary that the affidavit set forth details to indicate that the informant is reliable and his information is credible.

▪ A second factor which establishes the informant's credibility is that he made declarations against his penal interest. The United States Supreme Court, in *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), stated as follows:

" . . . Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility— sufficient at least to support a finding of probable cause to search. . . ." 403 U.S. at 583, 91 S.Ct. at 2082

In *Pierce v. State*, 491 P.2d 335 (1971), this Court adopted the Supreme Court's reasoning.

▪ Therefore, it is clear from the affidavit that the informant was reliable. Further, the affidavit revealed the underlying circumstances showing the bases of the conclusions reached by the informant. The informant knew that the defendant had

received stolen property, because he had sold stolen guns to the defendant. The sale which occurred in defendant's trailer where the subsequent search was made was recent enough to support the likelihood that the stolen guns would be found there. The informant's conclusions were based on a direct observation of criminal conduct by the defendant. The observations of the defendant were both personal and recent. See, *United States v. Harris*, supra.

■ The defendant's second assignment of error is that the trial court erred in overruling the defendant's demurrer and motion for directed verdict of acquittal for the reason that the State had failed to prove the necessary elements of the crime of receiving stolen property, in violation of 21 O.S.1971, § 1713.

In *Hughes v. State*, Okl.Cr., 536 P.2d 990, 992 (1975), this Court stated:

"It is fundamental that the two essential elements of the crime of receiving stolen property are that the property must have in fact been stolen and that the accused bought or received it knowing it to have been stolen. . . . "

As to the first element it need only be mentioned that the weapons listed in the information filed against the defendant were established at trial to have been stolen from their rightful owners.

■ The second element of the crime is that the defendant knew that the property was stolen. Actual knowledge that the property was stolen is not required; it is sufficient to prove that the defendant had reasonable cause to believe that the property was stolen. Title 21 O.S.1971, § 1713; *Richardson v. State*, Okl.Cr., 545 P.2d 1292 (1976); *Hughes v. State*, supra; *Jackson v. State*, Okl.Cr., 508 P.2d 277 (1973).

In the case at bar an abundance of circumstantial evidence was presented to establish that the defendant knew or had reason to believe the guns to be stolen. The admitted supplier of at least some of the stolen guns listed in the information, Donnie McGuire, testified that he had delivered approximately 100 guns to the defendant over a six month period. He further

testified that he had first approached the defendant because of his reputation for dealing with stolen guns. When Rudy Briggs and Donnie McGuire sold the guns to the defendant on November 14, 1974, they told him that the guns were stolen. Despite this information the defendant proceeded to buy them. The defendant's only explanation for buying the numerous guns from McGuire was that he wanted to display them in his tavern, which the jury could have considered not to be plausible explanation for purchasing such a large number of weapons. There was testimony that the value of the guns purchased far exceeded the price paid for them by the defendant. Furthermore, this Court has repeatedly stated that while mere possession of property recently stolen is not alone sufficient proof of knowledge, that fact supplemented with other facts inconsistent with the idea of honest possession does create a question of fact for the jury. *Richardson v. State*, supra; *Hughes v. State*, supra; and, *Jackson v. State*, supra. We find that there was sufficient evidence for the jury to conclude that the defendant knew or should have known that the guns were stolen. Consequently, the defendant's demurrer and motion for a directed verdict were properly overruled.

■ In his final assignment of error the defendant argues that the trial court erred in giving Instruction No. 9 and in failing to give his requested instruction. The instruction reads as follows:

"Two essential elements of crime of receiving stolen property are that the property must have in fact been stolen and that the accused bought or received it knowing it to have been stolen.

"Actual knowledge by accused that property received by him was stolen is not necessary to constitute the offense of receiving stolen property, knowing it to have been stolen, but it is sufficient if the circumstance accompanying the transaction were such as to make actual belief that property was stolen."

We find this instruction adequately stated the law and therefore was not error.

See, *Wright v. State*, Okl.Cr., 531 P.2d 696 (1975).

 With regard to defendant's argument that the court erred in failing to give his requested instruction, we observe that the record and transcript designated on appeal in this case do not contain defendant's requested instruction; nor is it appended to his brief. Therefore, defendant's third assignment of error is not properly before this Court. See, *Parrott v. State*, Okl.Cr., 522 P.2d 628 (1974); and, *Wyatt v. State*, Okl. Cr., 491 P.2d 1098 (1971).

Defendant was charged with three separate counts of receiving stolen property, and the jury found him guilty on all three counts. However, the evidence at trial does not support the verdict on two of the three counts. The State attempted to prove only two sales, the one on November 14, 1974, which did not involve goods which were actually stolen, and the one which occurred on November 10 or 11, 1974. The evidence shows that the guns were bargained for and sold as a unit, and that a single price was paid for the entire unit. Despite the fact that three separate thefts were listed on the information, the evidence showed but one sale of stolen goods to the defendant and, therefore, but one receipt of stolen property by the defendant. Accordingly, only one offense was proven, and the verdicts of guilty on two of the three counts were not supported by the evidence. We regard this error as being so fundamental as to allow it to be raised by this Court. As a result, while we affirm the verdict and sentence in count one, we must reverse the verdicts and sentences in counts two and three and remand them to the trial court with instructions to dismiss. *AFFIRMED* as to Count One; *REVERSED* and *RE-MANDED* as to Counts Two and Three.

BUSSEY, P. J., and BLISS, J., concur.