**Robert A. CORLEY and Tommy
Corley, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–83–757.

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1985.

Rehearing Denied Feb. 13, 1986.

Gene F. Mowery, Checotah, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Robert A. Corley and Tommy Corley, appellants, were convicted of Knowingly Concealing Stolen Property in the District Court of McIntosh County in Case Nos. CRF–83–10 and CRF–83–9. One of the appellants was found guilty of six (6) counts and sentenced to six (6) months imprisonment and a fine of two hundred dollars ($200) on each count. The other appellant was found guilty of fifteen (15) counts and sentenced to seventeen (17) years and one (1) month imprisonment. Both cases were consolidated on appeal.

Briefly stated the facts are that on January 25, 1983, an officer of the Muskogee County Organized Crime Unit obtained two search warrants from a district judge in McIntosh County. The warrants contained affidavits signed by the officer in which he stated that he had received statements from a proven confidential informant advising him that both appellants were concealing certain stolen property at their respective residences in Stidham, Oklahoma.

A deputy of the McIntosh County Sheriff's office executed the warrants to search each of appellant's residences. When the officer and his assistant searched the residences, they recovered stolen property which was subsequently identified by the owners as having been taken from their residences during a series of recent burglaries.

I

In their first assignment of error, the appellants contend that the trial court erred in overruling their motion to quash the search warrants in that the affidavits for the search warrants and the search warrants do not describe in particularity or specificity the items alleged to be stolen nor do they contain any detail as to how the investigation disclosed that the informant's information was true and correct.

■ A search warrant must describe with specificity and particularity the place to be searched and the items to be seized. *Caffey v. State*, 661 P.2d 897 (Okl.Cr.1983). We are of the opinion that the search warrants in the instant case adequately described the items to be seized.[1]

■ Furthermore, we are of the opinion that the affidavits set forth adequate information from which the trial judge could properly determine that the informant's information was credible.

An affidavit for a search warrant based upon information received from a reliable informant should state the length of time the affiant has known the informant; that his reputation for truth and veracity was good; and that on a number of occasions past the informant has furnished information to the affiant which had been accurate. The affidavit should then set forth general instances in which the informant had previously furnished correct information. The affidavit should further state whether the informant himself observed the presence of contraband or articles to be seized upon the premises stating the date of the

---

1. The search warrants contained the following list of articles:
   1 Large Color Portable T.V. with Touch Control
   1 Stereo Component System with AM/FM Radio
   1 243 Caliber Bold Action Rifle with Scope
   1 12 Gauge Single Shot Shotgun
   1 Automatic Washer
   1 Automatic Dryer
   1 Color Console T.V.
   1 York Component Stereo System with AM/FM Radio and Cassette and 8-Track Players
   2 Tool Boxes Containing Mechanics Hand Tools
   2 Cutting Torches
   2 Tanks (1 oxygen and 1 acetylene)
   1 78 Corvette Engine
   1 .22 Magnum Hunting Rifle
   1 .12 Gauge Single Shotgun

**14**

observation or that the belief of the reliable informant is based upon admission of one of the principals maintaining or keeping such contraband or articles on the premises.

*Guthrey v. State*, 507 P.2d 556, 560 (Okl. Cr.1973). The affidavit in the instant case satisfies this test.[2] Therefore, this assignment of error is without merit.

## II

In their second assignment of error, the appellants argue that the trial court erred in overruling their demurrer to the State's evidence based upon the State's failure to establish appellants' knowledge that said items were stolen and they were knowingly concealing said items from the true owners.

The State is not required to prove that an accused had actual knowledge that the property was stolen; it is sufficient to prove that an accused had reasonable cause to believe that the property was stolen. *Gentry v. State*, 562 P.2d 1170 (Okl.Cr. 1977).

At trial, appellants attempted to explain their acquisition and possession of the property; however, the State introduced evidence that appellants told a confidential informant that the property was stolen. Additionally, the State called witnesses who testified that the property recovered from the appellant's residences was stolen from their houses in recent burglaries.

If there is any competent evidence reasonably supporting the allegations of

the charge, the demurrer should not be sustained. We have consistently held that where there is evidence from which the jury could conclude that the defendant was guilty as charged, we will not interfere with the verdict even though there may be sharp conflicts in the evidence. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). Therefore, this assignment of error is without merit.

## III

In their third assignment of error, the appellants contend that the trial court erred in refusing to grant their request for disclosure of the confidential informant as provided for in 12 O.S.1981, § 2510(C)(2) and § 2510(C)(3).

In accordance with 12 O.S.1981, § 2510(C)(3), the trial court conducted an in camera hearing to determine if disclosure of the confidential informant's identity was necessary. As a result of the hearing, the trial court ruled that the disclosure was not necessary. Whether disclosure is compelled in a particular case is a matter for the discretion of the trial court. *Hill v. State*, 589 P.2d 1073 (Okl.Cr.1979). Therefore this assignment of error is without merit.

Accordingly, the judgments and sentences are AFFIRMED.

PARKS, P.J., and BRETT, J., concur.

---

**2.** The affidavit reads in pertinent part as follows:

Dennis Kucera, affiant, states that he is an officer for the Muskogee Police Department. Affiant Kucera further states that he received the following statements from a confidential informant and that affiant has used knowledge received from this confidential informant at least 10 times in the past year and one-half, such knowledge resulting in approximately 15 felony arrests and that of those 15 arrests, about 13 have resulted in conviction or guilty pleas, and 2 are still pending. Affiant states that said confidential informant advised him of the following: Confidential informant was in the residence of Tommy Cor-

ley, which is at the above described location, within the last 72 hours and while in that residence the confidential informant observed a color console t.v., a York Stereo Component System with AM/FM radio, cassette and 8-track tape players, 2 large tool boxes full of mechanic's hand tools, a .22 Magnum Hunting Rifle, a 12 gauge Single Shot Shot-Gun, all of which Tommy Corley told the confidential informant were stolen. Confidential informant also observed 2 cutting torches and 2 tanks (1 oxygen and 1 acetylene) and a 1978 Corvette engine (covered with plastic) all in the back yard next to the house at said residence all of which Tommy Corley told said confidential informant were stolen.