Winston Eugene **COULTER**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–84–622.

Court of Criminal Appeals of Oklahoma.

July 1, 1986.

Leslie Brown, Jr., Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Winston Coulter, was convicted of Assault with a Dangerous Weapon in the District Court of Muskogee County in Case No. CRF–83–400 and was sentenced to twelve (12) months in the county jail, and he appeals. We affirm.

On the evening of July 7, 1983, appellant entered the Johnson Foods Grocery Store in Muskogee, Oklahoma. Billy Allen Johnson, son of the grocery store owner, was working in the store that evening when he observed appellant standing near the meat counter attempting to slide a steak inside his sleeveless jacket. At that point, Mr. Johnson went to the front of the store, near the check-out counter, to observe whether appellant would pay for the steak. While standing near the check-out counter Mr. Johnson watched the meat aisle to see if appellant returned to the aisle to place the steak back on the meat counter. Mr. Johnson did not see appellant return to the meat aisle, and when appellant reached the check-out stand he did not have the steak in his basket. Consequently, Mr. Johnson approached the appellant and asked to see what was in his pockets. When it was obvious to Mr. Johnson that appellant was not cooperating, Mr. Johnson asked appellant to remove his jacket. Appellant responded by using vulgar language, throwing his basket down on the floor, and running for the door. Mr. Johnson chased appellant and after intercepting him he put his hand on appellant's shoulder, but appellant continued to flee. Mr. Johnson continued to pursue appellant, and after intercepting him for the second time and placing his hand on appellant's shoulder again, appellant turned around and struck Mr. Johnson in the mouth with his fist and ran out of the store toward his car. As Mr. Johnson continued to pursue appellant, he told one of the employees at the check-out counter to call for assistance. Charlie Brown, the assistant manager of the store, was called to assist Mr. Johnson.

Mr. Johnson pursued appellant until he reached within a few feet of appellant's car where appellant retrieved a tire iron from the car and began to swing it at Mr. Johnson, Mr. Brown and the other store employees who had been summoned to assist Mr. Johnson. Mr. Johnson and Mr. Brown backed away from appellant to prevent being injured by the swinging tire tool and appellant jumped in his car and fled the scene.

The police were contacted and appellant was arrested and charged with Assault with a Dangerous Weapon.

In his sole assignment of error, appellant contends that the trial court erred in refusing his proffered instruction on self defense. The trial court must instruct the jury upon issues in evidence; however, if there is no evidence in the record to support an instruction, it should not be given. *Nauni v. State*, 670 P.2d 126 (Okl.Cr.1983). Only where evidence has been introduced which may tend to support the proposed theory will the trial court be under an obligation to instruct on that theory. *Carter v. State*, 560 P.2d 994 (Okl.Cr.1977).

In the instant case, when the trial judge disallowed appellant's proffered instruction on self defense, he stated:

... [T]he question of self defense has come up, the Court is of the opinion that based upon the fact that the defendant failed to come forward with evidence in

that he did not testify as to his actions or why he got the tire tool out of the car as alleged by the State's witnesses, then the manner of the use of the tire tool or alleged tire tool that the Court doesn't feel that there has been sufficient evidence presented to present that defense to the jury.

Otherwise, the Court does not feel that it should instruct the jury on self defense unless there has been sufficient evidence presented for me to instruct. (Vol. II Tr. 59)

We are of the opinion that the trial court correctly ruled on this point of law in that appellant failed to present any evidence to the trial court that he reasonably believed the force he employed was necessary to protect himself from imminent danger of bodily harm. See, OUJI–CR 744. It is well settled that the instructions to be given the jury are left to the trial court's discretion. The judgment will not be interfered with as long as the instructions, when considered as a whole, fairly and accurately state the applicable law. *Langdell v. State,* 657 P.2d 162 (Okl.Cr.1982).

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.