Donald **RUTLEDGE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17705.

Court of Criminal Appeals of Oklahoma.

March 1, 1973.

G. Wendell Cathey, Durant, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appelleee.

OPINION

BRETT, Judge:

In the District Court of Bryan County, Case No. CRF–72–49, the Appellant, Donald Rutledge, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Forgery in the Second Degree. His punishment was fixed at two (2) years imprisonment; and from that judgment and sentence he has perfected a timely appeal to this Court.

At the trial C. M. Mauldin testified he maintained a checking account at the First National Bank of Durant, Oklahoma. He identified State's Exhibit Numbers 1, 2 and 3 as checks written upon his account stating the signatures on those checks were not his signatures. Further, he stated he did not give anyone permission to write checks on his account.

Mrs. Jean VanArsdell testified she was employed as a drive-in teller for the First National Bank of Durant, Oklahoma. On March 30, 1972, a gray 1963 or 1964 Chevrolet four-door sedan bearing Oklahoma tag number BR–9667 stopped at her window. The vehicle contained three occupants. She identified in court the co-defendant, Larry Lee Parks, as the person who presented State's Exhibit 1 for payment further stating she cashed State's Exhibit 1 and delivered the money to him. She could not identify the other occupants of the vehicle.

Carolyn Jean Willeby, a co-defendant conjointly charged with defendants Parks

and Rutledge, testified she previously pled guilty to forgery in the second degree, the offense charged in the instant case. Her testimony revealed that on March 30, 1972, she met with defendants Parks and Rutledge at Rutledge's home. From his home they traveled to the First National Bank in Durant, obtained blank checks from the bank, returned to Rutledge's home, and working together prepared the checks and forged the signatures on State's Exhibit Numbers 1, 2 and 3. After preparing the checks she and Rutledge left Parks at the same house and drove Parks' car to the drive-in window at the bank where she and the defendant cashed State's Exhibit 1. She stated that Rutledge, the defendant in this action, delivered the check to the teller and received the cash in the transaction.

Counsel for the defense presents three assignments of error in his brief, only one of which, his first proposition, requires discussion in this opinion. Counsel in this proposition asserts there is not sufficient corroborative evidence independent of the accomplice's testimony to connect the defendant with this offense. We agree with Counsel's contention.

It is well settled by the weight of Oklahoma authorities construing Title 22 O.S.1971, § 742 that corroborative evidence must of itself, without the aid of the testimony of an accomplice, tend to some degree to connect the defendant with the commission of an offense; and independent evidence merely consistent with the main story is not sufficient to corroborate it if it requires any part of the accomplice's testimony to make it tend to connect the defendant with the crime. Rider v. State, Okl.Cr., 494 P.2d 347 (1972). In the instant case the independent evidence required to connect the defendant with this offense is not present. The only testimony presented connecting the defendant with this offense was received from a co-defendant. Therefore, we find the evidence insufficient to support the jury's verdict; and that the trial court should have sustained defendant's demurrer to the evidence. See Kirby v. State, Okl.Cr., 505 P.2d 504 (1973). Accordingly, the judgment and sentence is Reversed and the cause is remanded with instructions to dismiss.

BLISS, P. J., and BUSSEY, J., concur.