Albert Lee **BROOKS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–84–73.

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Albert Lee Brooks, was convicted of Knowingly Concealing and Withholding Stolen Property, After Former Conviction of Two Felonies, in Comanche County District Court, Case No. CRF–83–3, was sentenced to twenty (20) years' imprisonment, and he appeals.

On December 24, 1982, the home of Gaston Yarbor was burglarized, and several suitcases containing costume jewelry were taken. One suitcase had the name "Sergeant Seltzer" stamped on it.

On December 31, 1982, Andrew Jackson, appellant's brother-in-law, contacted the Lawton Police Department and gave them more than forty (40) rings he found in the appellant's shoulder bag. As a result, the appellant was arrested, several rings were removed from his fingers, which were later identified by Mr. Yarbor, and a suitcase with the inscription "Sergeant Seltzer" was found at appellant's residence. Jackson subsequently testified, at trial, that the appellant told him the rings were stolen and that he notified the police the day he found out they were stolen, yet, at the preliminary hearing he said he had known they were stolen for about two weeks. Idell Reed, appellant's mother-in-law, testified that the appellant and two of his friends brought several suitcases into his residence; that appellant told her the rings were stolen; and that she related the information to the police, although the police did not have her statement in their police report. The appellant testified that he purchased the rings from two men at a convenience store, who needed gas money; that the men told him the rings were not stolen; that he did not tell either Reed or Jackson that the rings were stolen; and that his in-laws fabricated the story to get him out of the house because he was having marital problems.

## I

In his first assignment of error, appellant alleges that there was insufficient evidence to prove that he had the requisite knowledge to sustain a conviction because the testimony of Mr. Jackson and Mrs. Reed, that appellant told them the rings were stolen, is erroneously admitted hearsay and because there were inconsistencies in the testimony of all the State's witnesses. We disagree.

■ Initially, we find that the appellant failed to object, at trial, to the testimony of Mr. Jackson and Mrs. Reed, and thus has waived his right to object on appeal. *Johnston v. State*, 555 P.2d 629 (Okl.Cr.1976). Furthermore, the testimony complained of is an admission by a party opponent and is therefore excluded from the category of hearsay. See, 12 O.S.1981, § 2801(4)(b)(1).

■ When the sufficiency of the evidence at trial is challenged on appeal, the proper test is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). The essential elements of the crime of Knowingly Concealing and Withholding Stolen Property are knowledge that the property was stolen and the act of concealing the property from the rightful owner. *Fields v. State*, 666 P.2d 1301 (Okl.Cr.1983). The State is not required to prove that an accused had actual knowledge that the property was stolen; it is sufficient to prove that the accused had reasonable cause to believe the property was stolen. *Gentry v. State*, 562 P.2d 1170 (Okl.Cr.1977). While mere possession of stolen property, standing alone, is not enough to prove such knowledge, that fact, supplemented with other facts inconsistent with honest possession, creates a question of fact for the jury. *Carter v. State*, 595 P.2d 1352 (Okl.Cr. 1979). Viewing the evidence in the light most favorable to the State, we find that a reasonable trier of fact could have found the elements of the crime beyond a reason-able doubt. Therefore, this assignment of error is without merit.

## II

■ In his remaining assignment of error, appellant complains that although the trial court did submit to the jury the first paragraph of his requested instruction No. 1, the trial judge erred by failing to give the second paragraph of the following instruction:

The Defendant herein has admitted the commission of other crimes. The Court has not admitted this testimony as tending to prove that the Defendant is guilty of the crime charged in the information. A person may not be convicted of the commission of one offense by proof that he committed another crime.

This evidence can only be considered by you as bearing on the credibility of the Defendant. That is to say that you may consider the former convictions of the Defendant as such may or may not, is [sic] your judgment, affect the weight and credit that you will give to the testimony of the Defendant.

Jury instructions are within the trial court's discretion. As long as the instructions, considered as a whole, fairly and accurately state the applicable law, we will not interfere. *Nunley v. State*, 660 P.2d 1052 (Okl.Cr.1983); *Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982). Since the appellant was charged with a felony after former convictions, and since he waived a bifurcated proceeding, the trial court properly refused appellant's request. The record establishes that, taken as a whole, the instructions are proper.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.