Clifford Lee GOULSBY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-731.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1987.

Rehearing Denied Oct. 6, 1987.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Clifford Lee Goulsby, was convicted in the District Court of Canadian County, Case No. CRF-83-469, of First Degree Murder, and was sentenced to life imprisonment. He appeals raising eleven assignments of error.

Evidence was presented that on the evening of October 26, 1983, the appellant went to the Briarwood Apartments in El Reno, Oklahoma, looking for Greg Jeffers. The appellant had just come from the police station where his sister had just been released from jail. After her release, the appellant had stated in the police station, that "you might as well come back down there, there is going to be a fight." When the appellant found Jeffers at the apartments they began to fight, and Jeffers stabbed the appellant three times, once in the back. When the appellant's brother broke up the fight, Jeffers fled. Although the testimony differs, the appellant then tried to obtain a gun from several individuals, and finally paid one man for his gun. Pursuing Jeffers, the appellant found him in a parked pickup truck with the appellant's sister and Jeffer's uncle. After breaking out a window, the appellant fired three or four shots into the pickup, three of which struck and mortally wounded Jeffers. The appellant then dragged Jeffers out of the pickup, Jeffers grabbed the appellant around the legs, and the appellant struck and kicked Jeffers.

The appellant claimed that when Jeffers grabbed him, he was stabbed a fourth time. Other witnesses claimed that Jeffers had no weapon at that time. Jeffers was taken to the hospital where he was pronounced dead on arrival.

In his first assignment of error the appellant argues that the trial court should have allowed him to display a groin scar to the jury which he claimed was the result of a fourth stab wound inflicted on him by the deceased. Appellant testified that Jeffers inflicted a fourth knife wound in the appellant's groin area after the appellant had shot Jeffers. Hospital records did not reflect treatment for this wound, nor could treating physicians or the police officer who later changed the dressings recall such a wound. When defense counsel moved to exhibit the scar to the jury the prosecutor objected on the ground that there was no way of knowing when the scar occurred. In chambers appellant showed all four scars to the trial judge and defense counsel requested that the jury be allowed to view all of them, to which the prosecutors objected. The trial court denied the motion commenting that he did not believe that viewing the scars would be proper, and that testimony concerning them had been presented. We have frequently held that admissibility of evidence is a matter within the trial court's discretion and will not be reversed on appeal without a showing of severe prejudice or a breach of the appellant's fundamental rights. *Mills v. State*, 594 P.2d 374 (Okl. Cr.1979). Based upon the circumstances of this case, we find that no prejudice was shown. This assignment of error is meritless.

In his second assignment of error, the appellant contends that the trial court erred when it did not instruct the jury that in order to prove murder with malice aforethought, the State must, beyond a reasonable doubt, disprove heat of passion. We first note that appellant did not request that such an instruction be given, even though he submitted eleven proposed instructions in writing, some of which were given. Appellant cites *United States v. Lofton*, 776 F.2d 918 (10th Cir.1985) for the proposition that such an instruction should be given whether or not requested by de-

fense counsel. *Lofton* is distinguishable from the case at bar because that defendant's sole defense to murder was that the homicide was committed in the heat of passion, thereby making the offense manslaughter instead of murder. In the case at bar, the appellant's defense was self-defense. The instruction on manslaughter was given as a lesser included offense, not as a defense to the charge of murder. *See Brewer v. State,* 718 P.2d 354 (Okl.Cr. 1986). This assignment of error is therefore without merit.

Next, the appellant contends that the trial court erred by instructing the jury concerning prior inconsistent statements made by the appellant and refusing to give the same instruction regarding the testimony of Wesley Gross. The appellant argues that the testimony of Gross was inconsistent on particular points. Gross testified on direct examination that the appellant was attempting to obtain a pistol and offered Wayne Epps $150.00 for one. When Epps agreed, the appellant put his hand in his pocket and pulled it out like he was handing money to Epps, but Gross testified that he could not tell if what was being handed to Epps was money. Gross stated that he did know the money and pistol were exchanged. On cross examination, defense counsel read a statement Gross had made to police officers that, "I didn't see the pistol being transacted and stuff." Gross explained the statement by testifying that he had seen both the appellant and Epps put their hands in their pockets, they made an exchange and when the appellant turned, he had a pistol. The other allegedly inconsistent statement was made when Gross testified that at the time the appellant asked him for a gun he said, "No, not here." He had told the police that he replied he didn't have one. We find that the statements were not so inconsistent that the trial judge abused his discretion in refusing to give the instruction requested.

The court gave Instruction No. 40 which covered the credibility of witnesses, and we find that such an instruction was sufficient.

For his fourth assignment of error the appellant contends that the trial court erred in refusing to give his requested instructions, which were meant to clarify the Uniform Jury Instruction regarding self-defense given by the court.[1] The appellant asserts that the uniform instruction was not clear. He claims that the required belief that use of deadly force was necessary must appear reasonable from a defendant's viewpoint rather than from a reasonable person's viewpoint. He argues that this issue was diluted by the three references in the instruction to reasonableness of the belief of danger, that these references make it appear to a lay jury that the appellant's viewpoint had to conform to that of a reasonable person. Case law clearly reveals that the subjective belief of a defendant that he is in danger is not enough to show self-defense. In *Woods v. State,* 485 P.2d 486 (Okl.Cr.1971) the defendant thought he heard two shots, and because he had been warned that a certain individual intended to get even with him, Woods shot an innocent unarmed individual who was standing nearby. Whether or not Woods subjectively believed he was in danger of being killed, we held that where there was no evidence of some overt act or demonstration to execute a threat, that the threat alone was not sufficient to support a plea of self-defense, and mitigate the homicide. The instruction of which the appellant complains, correctly states the law, and we find it to be sufficient.

In a fifth complaint the appellant contends that the trial court should have given an instruction concerning specific acts of violence allegedly committed by the deceased, against third parties. The record reveals that the trial court did instruct the jury in conformance with the Oklahoma

---

1. That instruction reads:

A person is justified in using deadly force in self-defense if that person reasonably believed that use of deadly force was necessary to protect himself from imminent danger of death or great bodily harm. Self-defense is a defense although the danger to life or personal security may not have been real, if a reasonable person, in the circumstances and from the viewpoint of the Defendant, would reasonably have believed that he was in imminent danger of death or great bodily harm.

Uniform Jury Instruction (Criminal) No. 809, concerning the deceased's disposition for violence. As jury instructions are within the trial court's discretion, we will not interfere with them if, when considered as a whole, they fairly and accurately state the applicable law. *Brooks v. State,* 714 P.2d 217 (Okl.Cr.1986). The instruction given was proper, and we find no error.

In his sixth assignment the appellant contends that the trial court erred in refusing to give Defendant's Requested Jury Instruction No. 2, which cited 21 O.S.1981, § 733 as authority. The trial judge gave § 733 in its entirety as an instruction, and defense counsel agreed that the giving of that instruction would satisfy Defendant's Requested Jury Instructions Nos. 2, 3, 4 and 5. Therefore we find no merit in appellant's contention.

■■■ In his seventh assignment of error, the appellant alleges that certain remarks by the prosecutor during closing argument denied him his right to a fair trial. He complains that the prosecutor repeatedly referred to him as a liar, and repeatedly misstated the evidence in closing. We first note that only one remark of the prosecutor was properly preserved by an objection, and so he has waived any alleged error on appeal. *Mahorney v. State,* 664 P.2d 1042 (Okl.Cr.1983). Additionally, after reviewing the prosecutor's closing argument, we note that the prosecutor did not call the appellant a liar, although he did address the veracity of the appellant. Such an argument is proper if supported by the evidence. *See Robertson v. State,* 521 P.2d 1401 (Okl.Cr.1974). Concerning the alleged misstatements of evidence, defense counsel objected to only one of the instances of which the appellant complains, and the trial court admonished the jury that this was argument of counsel, that they had heard the evidence and were to make the decision on what they heard. We find the admonition to be sufficient. This assignment of error is without merit.

■■■ The appellant's eighth assignment of error asserts that the circumstantial evidence of premeditation was insufficient to support a conviction for first degree murder. The test for sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Roberts v. State,* 715 P.2d 483 (Okl.Cr.1986). The appellant argues that his pursuit of Mr. Jeffers, after he armed himself, was clearly motivated anger caused by the earlier stabbing, and therefore the evidence in the light most favorable to the State was far more supportive of heat of passion manslaughter, than murder. Title 21 O.S.1981, § 703 provides, "A design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution." Title 21 O.S.1981, § 704 provides, "Homicide committed with a design to effect death is not the less murder because the perpetrator was in a state of anger ... at the time." Heat of passion manslaughter must be perpetrated without a design to effect death. 21 O.S.1981, § 711(2). Even though the evidence reveals that the appellant was angry because he had been stabbed, he bargained for a gun, he pursued the fleeing victim, fired three or four shots at the victim who had retreated into a pickup, pulled him from the pickup, hit him with the gun, and kicked him. Three of the gunshots struck the victim, and he died as a result of those wounds. The appellant's sister, who was in the pickup with the victim and his uncle, testified that the victim was unarmed at the time of the shooting. The evidence supports the allegations that the killing was intentional, and not self-defense. As sufficient evidence was presented to sustain the conviction, this assignment of error is meritless.

■■ In his ninth assignment of error the appellant maintains that the jury's verdict was improperly decided upon preoccupations with punishment. Because the jury inquired at 6:24 p.m. as to what the maximum sentence for manslaughter was, and returned its verdict of murder at 7:10 p.m., the appellant claims that this proves the jury had seriously considered manslaughter but were confused concerning the maxi-

mum sentence. Therefore they decided to convict the appellant of murder in order to give a life sentence. This assignment of error is merely speculation and we find it to be without merit.

■ The appellant next claims that he received ineffective assistance of counsel. He argues that counsel failed to object to repeated improper prosecutorial remarks during closing argument, that he failed to call a witness who allegedly could substantiate the appellant's fourth stab wound, failed to call any witness who was present during an alleged armed robbery committed by Jeffers, and failed to argue heat of passion manslaughter in closing argument, relying instead on self-defense and justifiable homicide in the course of effectuating a lawful citizen's arrest. Under the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant, in order to prove ineffective assistance of counsel, must first show that counsel's performance was deficient. The appellant has made no such showing. The prosecutorial remarks to which the appellant refers concerned the appellant's veracity, and were valid remarks based on the evidence. Concerning calling other witnesses, the appellant has not shown the substance of the testimony these witnesses would allegedly give, or whether their testimony would have affected the outcome of the trial. Finally, deciding which defense to stress during closing argument, where both defenses are arguable, is a valid defense tactic which we refuse to second guess. *See Strickland.* We find this assignment of error to be meritless.

In his last assignment of error, the appellant proposes that if this Court should fail to find error sufficient to require reversal, the errors cited by him warrant that his conviction be modified to first degree manslaughter. Having failed to find any error requiring reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.

PARKS, Judge, concurring in results:

At page 5 of the majority opinion, it is stated that "[a]lthough [the prosecutor] did address the veracity of the appellant ... [s]uch an argument is proper if supported by the evidence." While I would agree that a prosecutor is entitled to argue contradictions and inconsistencies supported by the evidence, "[i]t is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant." *ABA Standards for Criminal Justice, The Prosecution Function*, § 3–5.8(b). In addition, contrary to the view of the majority that "any" error is waived by the failure to object, a majority of this Court has stated that the failure to object to improper comments by the prosecutor waives all but "fundamental" error. *See McLeod v. State*, 725 P.2d 877, 881 (Okl.Cr.1986). *See also Rogers v. State*, 721 P.2d 820, 825 (Okl.Cr.1986) (Judge Bussey opinion stating that because appellant failed to object at trial to allegedly improper prosecutorial statements "she has waived her right to object on appeal, absent fundamental error.") With regard to the alleged misstatements of evidence which were not objected to, and for which the trial court failed to admonish the jury, the comments of the prosecutor appear to be reasonable inferences based upon confusing and contradictory testimony. I have found no error sufficient to warrant reversal or modification in this case, and I therefore concur in the result reached by the majority.