Glenn Leroy LISTER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–16.

Court of Criminal Appeals of Oklahoma.

July 15, 1988.

Michael A. Taylor, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Glenn Leroy Lister, was convicted in the District Court of Grady County, Case No. CRF–85–95, on two counts of Knowingly Concealing Stolen Property After Former Conviction of Two or More Felonies, was sentenced to concurrent terms of twenty-five (25) years and twenty (20) years imprisonment, and brings this appeal.

The facts as disclosed by the record reveal that on June 26, 1985, Everett Buchanan, a former employee of Oklahoma Diesel located in Chickasha, Oklahoma, supplied Grady County Deputy Sheriff H.J. Ryan with information concerning stolen property being kept at Oklahoma Diesel. Buchanan related that he had assisted the appellant, a one-half owner in Oklahoma Diesel, in stealing trucks, disassembling them, and selling the parts. Ryan determined that the information was too stale to obtain a search warrant. On July 18, 1985, Ryan observed a truck at Oklahoma Diesel with parts matching the description of stolen vehicles. He ascertained that the parts were in fact stolen, impounded the truck, and the following day swore out an affidavit for a warrant to arrest the appellant. The following day, a search warrant was issued under a separate affidavit, and several items having been identified as stolen were impounded.

On the basis of photographs of these items, and on testimony of Ryan, Buchanan, and others, appellant was convicted on two counts of Concealing Stolen Property and brings this appeal primarily on grounds that items seized in the search should have been suppressed from evidence, testimony of the witnesses was not sufficient to sustain a conviction, and the jury was improperly instructed on past crimes when determining the sentence to be imposed.

■ As his first proposition, appellant asserts that the affidavit on which the search warrant was issued failed to show probable cause for issuance of that warrant. Appellant failed to make this affidavit a part of the record on appeal until after the State filed its brief, and the State was not given an opportunity to file a response prior to the case coming before the Court. This Court, therefore, addresses

the issue based on appellant's brief and general propositions of law.

In *Leonard v. State*, 453 P.2d 257 (Okl. Cr.1969), this Court adopted the standards set by the Supreme Court in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). That case recognizes that a search warrant may issue where an officer shows probable cause to believe that contraband is present on the premises to be searched, based upon his own personal observations or upon the observations of a reliable informant. An informant's information may also have come by an admission of a principal to him that contraband was being maintained or kept on the premises. In reviewing the sufficiency of an affidavit used for issuance of a search warrant, "the duty of the reviewing court is simply to insure that the magistrate had 'a substantial basis for ... concluding' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

In this case, the information in Ryan's affidavit was based upon 1) his own observations at Oklahoma Diesel, 2) reports of stolen vehicles from named police officers in various cities, 3) Buchanan's reports that "stripping and reassembling of stolen parts was a routine business transaction directed by [appellant]" at Oklahoma Diesel, and 4) actual recovery of some of the parts of the vehicles just two days prior to issuing of the search warrant. Ryan's observations included seeing a truck that had been reported stolen in a stall at Oklahoma Diesel, with dust on the floor showing that the vehicle had been there for several days, with license tags and inspection stickers removed, and with the vehicle identification number plate having been removed. This Court fails to understand how appellant finds this insufficient to provide the issuing magistrate with a substantial basis for concluding that probable cause existed.

Ryan's affidavit was more than sufficient under Oklahoma law. *Bishop v. State*, 605 P.2d 260 (Okl.Cr.1979). The search warrant was properly issued, and there was no error by the trial court in refusing to suppress evidence seized under it.

■ Appellant next proposes that the trial court should have granted a directed verdict because all of the inculpating evidence came from accomplices' testimony which was uncorroborated by other evidence. This assertion is clearly without merit. There is no requirement that every fact to which an accomplice testifies must be corroborated by other evidence. If this were true, an accomplice's testimony would never be admissible, either because it was unreliable or because it was cumulative. The only requirements are: 1) that there be sufficient corroborating evidence of a material fact to make the testimony credible to a reasonable juror, *Pierce v. State*, 651 P.2d 707 (Okl.Cr.1982), and, 2) that there be some independent evidence linking the defendant to the crime, *Rutledge v. State*, 507 P.2d 551 (Okl.Cr.1975).

■ In this case, Buchanan's testimony was corroborated by finding a truck containing the very parts which Buchanan had said were installed on it, and several other parts were found on the Oklahoma Diesel premises matching Buchanan's description. Independent evidence linking appellant to the crime included finding stolen parts in a place of business owned by him and the testimony of a customer that appellant was the person who installed stolen parts on his truck. The record simply does not support appellant's proposition, and therefore it must fail.

■ Appellant asserts next that there was no evidence of who owned the stolen property other than the uncorroborated testimony of an accomplice. Appellant places great reliance on *Brooks v. State*, 714 P.2d 217 (Okl.Cr.1986), which states, "The essential elements of the crime of Knowingly Concealing and Withholding Stolen Property are knowledge that the property was stolen and the act of concealing the property from the rightful owner." *Brooks*, 714 P.2d at 219. Appellant apparently failed to continue reading, as that case also states "... possession ... supplemented with other facts inconsistent with honest possession, creates a question of fact for the

jury." *Id.* The fact that the property in this case was concealed from everyone goes to prove that it was concealed from the rightful owner. There is no requirement that the State prove who owns the property, but rather that the property was being concealed from the rightful owner. There was sufficient testimony to create a jury question, *Brooks, supra,* and therefore there was no error in refusing to give a directed verdict.

■ Appellant proposes next that there was reversible error in submitting two prior convictions to the jury rather than only one for purposes of enhancing judgment under 21 O.S.1981, § 51. The issue may be disposed of briefly by stating that the State satisfied its burden by showing that convictions were obtained in Louisiana, *Mahorney v. State,* 664 P.2d 1042 (Okl.Cr.1983); that the appellant was given an opportunity to rebut the evidence of convictions or show interrelationship of the crimes; *Gross v. State,* 706 P.2d 914 (Okl.Cr.1985); that the jury was properly instructed that it could not consider prior convictions unless proved by the State; and that there is no indication or allegation in this case of jury misconduct. Furthermore, appellant fails to argue actual prejudice as was required by *Miller v. State,* 675 P.2d 453 (Okl.Cr. 1984). There was no error in the trial court's conduct.

Finally, appellant urges that reversal should be granted due to accumulation of errors by the trial court. As no errors have been found, this contention is without merit.

Finding no basis for reversal or modification, the judgment of the trial court is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.