Dear Robinson Senator,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
1. Does a police officer, highway patrolman, sheriff orsheriff's deputy have legal authority to inspect the vehicleidentification number (VIN) of a vehicle having an out-of-statetitle, for purposes of obtaining an Oklahoma title pursuant to47 O.S. Supp. 2000, § 1105(L)?
 2. Can a law enforcement officer perform a VIN inspection andgive an affidavit to correct a VIN on a vehicle having anout-of-state title?
 I. Introduction
¶ 1 You indicate that, occasionally, a vehicle from out-of-state that has an out-of-state title with an incorrect vehicle identification number (VIN)[1] must be registered in Oklahoma. In such cases, there must be verification that the VIN as stated on the out-of-state title is incorrect, and the correct VIN must be ascertained so it can be placed on the Oklahoma title. You ask about the method by which the VIN can be corrected and verified so an accurate Oklahoma title can be issued; i.e., you ask whether a law enforcement officer such as a sheriff, sheriff's deputy, police officer, or Oklahoma Highway Patrolman, in accordance with Oklahoma law, can perform such an inspection and fill out an affidavit which verifies that the VIN on the out-of-state title is incorrect, but that the officer has examined the VIN, and that the VIN as stated by the officer is correct. You indicate other states have such provisions, but the law is unclear in Oklahoma whether Oklahoma law enforcement officers have the same ability.
 II. Applicable Administrative Rule
¶ 2 You first ask if a police officer, highway patrolman, sheriff or sheriff's deputy is authorized to inspect the VIN of an automobile in Oklahoma which has an out-of-state title. Administrative Rules promulgated by the Oklahoma Tax Commission directly answer your question. A rule containing the heading "Applications for certificates of title" contains the following requirements dealing with out-of-state vehicle inspections:
 (A) Inspection required. All previously registered vehicles entering Oklahoma from another state, with the exception of vehicles intending to prorate, must be physically inspected before an original Oklahoma certificate of title[2] may be issued. The vehicle identification number (VIN) and odometer reading from the vehicle will be entered in this portion of the application. The VIN found on the vehicle will be compared to the number listed on the out-of-state documentation to ensure they match.
 (B) Persons authorized to perform inspection; non-release of title. These inspections are to be performed by motor license agents[3] or authorized Oklahoma Tax Commission personnel only.
If the vehicle is unavailable for inspection, a hold is to be placed on the Oklahoma title. The applicant will be informed that the title will not be released until the VIN inspection has been completed. The Oklahoma Tax Commission may allow the inspection to be performed at a location out-of-state by another state's department of motor vehicles or state law enforcement agency.
OAC 710:60-5-30(9) (2001) (emphasis added) (footnotes added).
¶ 3 "Rules promulgated pursuant to the provisions of the Administrative Procedures Act are presumed to be valid until declared otherwise by a district court of this state or the Supreme Court." 75 O.S. 1991, § 306[75-306](C) (footnote omitted). Furthermore, "[r]ules and regulations enacted by administrative agencies and boards pursuant to the powers delegated to them have the force and effect of law." Cox v. Dawson, 911 P.2d 272,280 (Okla. 1996). Therefore, by promulgated rule, law enforcement officers cannot inspect a VIN on a vehicle having an out-of-state title to verify the VIN to obtain an Oklahoma title.
 III. Applicable Statutes
¶ 4 This rule is supported by applicable statutes. With exceptions which are not relevant to your question, "[t]he owner of every vehicle in this state shall possess a certificate of title as proof of ownership of such vehicle." 47 O.S. Supp.2000, § 1105[47-1105](B). This is accomplished by presenting an application for certificate of title to the Oklahoma Tax Commission. Id. Among other things, the information submitted to obtain an Oklahoma title must include "the manufacturer's serial or other identification number." Id. § 1105(C)(1)(b).
¶ 5 There is a special statutory provision dealing with vehicles being registered in Oklahoma which had previously been registered out of state. With exceptions which are not relevant to your question, "[n]o title for an out-of-state vehicle . . . shall be issued without an inspection of such vehicle" and payment of a four-dollar ($4.00) inspection fee. Id. § 1105(L). This same subsection states that "[t]he inspection shall include a comparison of the vehicle identification number on the vehicle with the number recorded on the ownership records and the recording of the actual odometer reading on the vehicle." Id.
The Tax Commission "may enter into reciprocal agreements with other states for such inspections to be performed at locations outside the boundaries of this state" for certain vehicles if those vehicles:
1. Are offered for sale at auction;
 2. Have been solely used as vehicles for rent under the ownership of a licensed motor vehicle dealer or a person engaged in the business of renting motor vehicles; or
 3. Have not been registered in this or any other state for more than one (1) year.
Id. Such out-of-state inspections can be performed "by another state's department of motor vehicles or state police."Id. The $4.00 inspection fee must be collected by either the motor license agent or the Tax Commission when the title is issued. The motor license agent retains $2.00 of the inspection fee, and the remaining $2.00 is deposited with the Tax Commission. Id.
¶ 6 An examination of the history of the statute supports the Tax Commission's rule requiring inspections to be conducted by either the Tax Commission or its authorized agent. When the subsection dealing with out-of-state titles was added, the Legislature inserted a provision that the Tax Commission and the Department of Public Safety would not be held civilly liable for failures to detect safety problems of any vehicles inspected. 1988 Okla. Sess. Laws ch. 201, § 7(L). The insertion of the Department of Public Safety indicates the Legislature contemplated that the Department of Public Safety had the ability to inspect out-of-state vehicles for which Oklahoma titles were being sought. However, that provision was removed in 1989. 1989 Okla. Sess. Laws ch. 290, § 10(L). At the same time the Department of Public Safety language was removed, the Legislature mandated that the inspection of the out-of-state-titled vehicle "shall include a comparison of the vehicle identification number on the vehicle with the number recorded on the ownership records and the recording of the actual odometer reading on the vehicle."Id. The insertion of the requirement that the VIN be inspected, combined with the removal of any mention of the Department of Public Safety, indicates an intention by the Legislature that the Department of Public Safety should not inspect the vehicle as that inspection pertained to obtaining an Oklahoma title for a vehicle with an out-of-state title. Finally, in 1995, the Legislature inserted the provision allowing the out-of-state inspection "to be performed at a location out-of-state by another state's department of motor vehicles or state police." 1995 Okla. Sess. Laws ch. 101, § 1(L). Since the Legislature specifically allowed for recognition of inspections by other states' police, but did not enact a provision for in-state law enforcement officers, it is apparent the Legislature did not wish to authorize those officers to make such inspections in Oklahoma.
¶ 7 In summary, the legislation and legislative history support the Tax Commission's rule that only motor license agents or authorized Oklahoma Tax Commission personnel can perform a VIN inspection in Oklahoma on out-of-state vehicles for which an Oklahoma title is being sought. A law enforcement officer may not be prohibited from performing a VIN inspection for other purposes — see, e.g., 47 O.S. Supp. 2000, § 1105(Q) (allowing law enforcement officers to inspect vehicles to determine no VIN is present on vehicles which have not been roadworthy for ten years, and permitting law enforcement officers to so verify the absence of a VIN); Id. § 1503(C)(3) (providing for inspection of stolen motor vehicles by law enforcement officials to determine if a VIN has been removed or altered); see also Lister v. State,758 P.2d 831, 833 (Okla.Crim. 1988) (upholding search warrant based, in part, on law enforcement officers' observations that VIN plate had been removed). However, such a VIN inspection would not be valid if it were made to verify or correct the VIN of an out-of-state title when an Oklahoma title is being sought.
¶ 8 Your second question is based on the first one. You ask if a law enforcement officer can inspect a VIN when it is required to correct an out-of-state title, and whether that same officer can give an affidavit necessary to correct an out-of-state title. Since the answer to your first question is that a law enforcement officer cannot inspect the VIN of an out-of-state title for purposes of verifying the VIN to obtain an Oklahoma title to a vehicle, it logically follows that officer cannot give an affidavit reflecting that he or she has inspected the vehicle for those purposes.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. For purposes of obtaining an Oklahoma title pursuant to47 O.S. Supp. 2000, § 1105(L), a police officer, highwaypatrolman sheriff or sheriff's deputy has no legal authority toinspect a vehicle identification number (VIN) of a previouslyregistered out-of-state vehicle. The only persons authorized toso inspect and verify a VIN of a vehicle bearing an out-of-statetitle are authorized personnel of the Oklahoma Tax Commission ora motor license agent. OAC 710:60-5-30(9).
 2. A law enforcement officer cannot perform a VIN inspectionand give an affidavit to correct a VIN on a vehicle having anout-of-state title. 47 O.S. Supp. 2000, § 1105(L); OAC710:60-5-39(9).
W.A. DREW EDMONDSON Attorney General of Oklahoma
DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] A "vehicle identification number" or "VIN" is defined as "the number assigned to the vehicle by the first-stage manufacturer." 47 O.S. 1991, § 1105.1[47-1105.1](9). A VIN is generally required to be on a vehicle in Oklahoma, is displayed on an Oklahoma title, and is the primary means of identifying and distinguishing one vehicle from another. See 47 O.S. 1991, §§1105.2[47-1105.2](A), (B), (C), 1105.3.
[2] In Oklahoma, there are six types of titles which are issued as proof of vehicle ownership: salvage title (for salvage vehicles); rebuilt title (for vehicles which have been rebuilt); junked title (for any vehicle which is junked); classic title (any vehicle, except a junked vehicle, whose model year is 25 years old or older); remanufactured title (any vehicle which is remanufactured); and an "Original title" ("any motor vehicle which is not a remanufactured, salvage, rebuilt or junked vehicle[.])" 47 O.S. Supp. 2000, § 1105[47-1105](B). An original title is the most widely used kind of title issued in Oklahoma, and is the one which pertains to your questions.
[3] That term is defined in the Oklahoma Vehicle License and Registration Act. A "motor license agent" is defined as "any person appointed, designated or authorized by the Oklahoma Tax Commission to collect the fees and to enforce the provisions provided for in [the Oklahoma Vehicle License and Registration Act]." 2001 Okla. Sess. Laws ch. 243, § 4(16) (amending 47 O.S.Supp. 2000, § 1102[47-1102]). They are commonly referred to as "tag agents."